DICKINSON, Justice,
Dissenting.
¶ 23. Today’s majority allows a seller who auctioned several parcels of property in their “as is” condition, to back out of the deal because he now claims he was unaware that one of his parcels had a road on it, and he wants another one of his buyers to have the road. I disagree with the majority and, therefore, respectfully dissent.
¶ 24. The issue here is easily framed, and the facts are essentially undisputed. The seller contracted to sell, and the buyer contracted to buy, tracts 6, 7, 8 and 9. The contract bound the seller to convey title “subject to all easements of record” existing at the time the contract was entered. The contract also stated that the property “SHALL BE CONVEYED AND ACCEPTED in ‘as is’ condition,” with no warranties or representations of any kind other than those expressly stated in the contract. In my view, “as is” applies to all parties to the contract, and means the *336 property will be conveyed as the title and condition existed at the time the contract was entered, not at the time of closing. To the majority, the term “as is” applies only to the buyer.
¶ 25. The majority cites no authority to support the novel notion that a seller may contract to sell a parcel of property “as is,” “subject to easements of record,” and then — after contracting, but prior to closing-grant easements to third parties. Indeed, the majority’s failure to cite authority is not surprising, as I find such notion unsupported anywhere in the law.
¶ 26. This case is not about a mutual mistake of fact. A seller who advertises and sells property in its “as is” condition cannot back out of the deal because he later learns the property he contracted to sell has a road on it he thought was on another parcel he wants to sell to someone else. Stated another way: A person who wants to come back later and correct mistakes shouldn’t sell property “as is.” Cooke carefully placed everyone on notice that — regardless of what was in the brochure — the parcels were being sold “as is.” Then, after discovering that the “as is” was not as he thought it was (or wanted it to be), he claims mutual mistake of fact. I am quite surprised that the majority is persuaded by this specious argument.
¶ 27. This case is also not about when Ross filed her deed containing the easement, but rather what Ross knew when she acquired the easement and filed the deed. Mississippi is a race/notice jurisdiction. That is, where an owner conveys conflicting claims to real property, the first to file (wins the “race” to the courthouse) has priority, unless that person takes the interest with “notice” of a prior, conflicting claim. See Miss.Code Ann. §§ 89-5-1 through -5. If Ross acquired an easement from Cooke with knowledge — that is, notice — that Cooke had no right to convey the easement because he had already contracted to sell the property to White, subject only to easements of record, then her “race” to the courthouse cannot overcome her notice of White’s interest in the property. It seems to me an elementary concept of real property law that an owner cannot encumber property he or she has previously contracted to sell without the encumbrance. And because Mississippi is a race/notice jurisdiction, the encumbrance is not valid if the person taking the interest (in this case, easement) had notice of the prior contract to sell.
¶ 28. Because I believe that, under the facts of this case, White is entitled to specific performance of the contract, that is, conveyance of the tracts subject only to easements of record, I respectfully dissent.
CHANDLER, J., Joins this Opinion.